*Sherpa v. Lynch*

BIA
Wright, IJ
A200 921 039

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand fifteen.

PRESENT:
 REENA RAGGI,
 GERARD E. LYNCH,
 DENNY CHIN,
  *Circuit Judges.*

_____

CHHINGBA SHERPA,
  *Petitioner,*

 v.                                   14-2219
                                      NAC

Loretta E. Lynch, UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:      Julie Mullaney, Mount Kisco,
                     New York.

FOR RESPONDENT:      Benjamin C. Mizer, Acting Assistant
                     Attorney General; Ernesto H. Molina,
                     Jr., Senior Litigation Counsel;

Andrew N. O'Malley, Trial Attorney,
Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chhingba Sherpa, a native and citizen of Nepal, seeks review of a June 2, 2014 decision of the BIA affirming a September 19, 2012 decision of Immigration Judge ("IJ") Virna A. Wright denying Sherpa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Chhingba Sherpa,* No. A200 921 039 (B.I.A. June 2, 2014), *aff'g* No. A200 921 039 (Immig. Ct. N.Y.C. Sept. 19, 2012). Under the circumstances of this case, we review the IJ's decision, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). In doing so, we assume the parties' familiarity with the underlying facts and procedural history in this case.

For asylum applications like Sherpa's, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, candor, or responsiveness, and inconsistencies in his statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d at 163-65. We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The IJ reasonably relied on inconsistencies between Sherpa's testimony and record evidence and on implausible aspects of Sherpa's testimony in finding him not credible. Sherpa testified that he did not leave and return to Nepal prior to departing for the United States. His passport, however, showed that he left and returned to Nepal—where he allegedly faced persecution—in 2007 and in 2008. When confronted with this information, Sherpa changed his testimony and confirmed that he left and returned to Nepal on those dates. The IJ

3

reasonably rejected Sherpa's explanation that he did not understand the question because he was asked about his travel on specific dates. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

The IJ also reasonably found Sherpa's testimony regarding his detention by the Maoists implausible. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). An IJ's finding that an applicant's claim is inherently implausible is supported by substantial evidence if "the reasons for [the IJ's] incredulity are evident." *Id.* So long as an IJ's finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," we will not disturb the inherent implausibility finding. *Id.; see also Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

Here, Sherpa testified that on the night he was captured, Maoists beat him with bamboo sticks and with the butt of a gun. They then captured and held him for about 20 days during which Sherpa refused to join the Maoist Party, which infuriated his captors. The IJ reasonably found implausible that Sherpa remained unharmed during this lengthy detention even though he refused to join the Maoists and they killed his friend for

4

refusing to comply with their demands. Accordingly, we identify no basis to disturb the agency's adverse credibility determination, which provided an adequate basis for denying him asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5